UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:21-cr-20085-1

v.                                             Honorable Thomas L. Ludington
                                                   United States District Judge

KYLE ROBERT HENEY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Defendant seeks to appeal his judgment and sentence and, to that end, has filed a motion for leave to appeal *in forma pauperis*. As explained hereafter, Defendant's Motion will be granted.

**I.**

On February 3, 2021, Defendant Kyle Robert Heney was indicted on one count of possession with intent to distribute methamphetamine, 18 U.S.C. § 841(a), (b)(1)(A)(viii). ECF No. 1. He retained counsel five days after a federal community defender was appointed to represent him. *Compare* ECF No. 8, *with* ECF No. 11.

In May 2022, Defendant entered a Rule 11 plea agreement with an appeal-waiver provision, ECF No. 33 at PageID.113, which was accepted on June 14, 2022, ECF No. 36. In September 2022, he was sentenced to 168 months' imprisonment followed by five years of supervised release. ECF No. 42 at PageID.211–12.

On February 3, 2023, he appealed his judgment and sentence and sought leave to appeal *in forma pauperis*. ECF Nos. 51; 52. Defendant avers he is unable to pay the $505 required to file an appeal and does not detail what issues he intends to raise on appeal. ECF No. 52.

## II.

Under the Criminal Justice Act (CJA), a criminal defendant "financially unable to obtain" counsel is entitled to counsel, regardless of the merits of the case. 18 U.S.C. § 3006A(a)–(b). And a defendant who receives counsel under the CJA may file an appeal without prepayment of the required fees and costs. *Id.* § 3006A(d)(7).

"Because every criminal defendant has the right to a direct appeal, district courts should not consider the merits when deciding pauper status for a direct appeal; the district court should only determine whether the defendant is financially eligible for *in forma pauperis* status under the CJA." *United States v. Hernandez*, No. 1:19-CR-20463, 2023 WL 2300481, at *2 (E.D. Mich. Feb. 17, 2023) (collecting cases).

Defendant is currently imprisoned and submitted a financial affidavit reflecting that he is not employed, has no cash, owns no property, and only occasionally receives cash gifts from family and friends. ECF No. 52 at PageID.246. True, Defendant retained counsel at the district court. ECF No. 11. But financial circumstances change, and Defendant's current financial circumstances suggest he neither is financially able to retain counsel nor able to pay the $505 required to file a direct appeal. For these reasons, Defendant will be granted pauper status under the CJA, and his Motion will be granted.

## III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 52, is **GRANTED**.

Dated: March 2, 2023                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge